1  Ana P. Hallmon, Esq. (SBN 253309)
   Craig L. Schechter, Esq. (SBN 308968)
2  SALTZMAN & JOHNSON LAW CORPORATION
   1141 Harbor Parkway, Suite 100
3  Alameda, CA 94502
   Telephone: (510) 906-4710
4  Email: ahallmon@sjlawcorp.com
   Email: cschechter@sjlawcorp.com
5
6  Attorneys for Plaintiffs, Heat and Frost Insulators of Northern California,
   Local 16 Trust Funds, et al.
7
8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 HEAT AND FROST INSULATORS OF              Case No.
   NORTHERN CALIFORNIA LOCAL UNION NO.
11 16 HEALTH AND WELFARE TRUST FUND;         **COMPLAINT**
   and its JOINT BOARD OF TRUSTEES; MEL
12 BRASHEARS and CRAIG ROSSI, Trustees;
13
14 HEAT AND FROST INSULATORS OF
   NORTHERN CALIFORNIA LOCAL UNION NO.
15 16 APPRENTICESHIP TRAINING TRUST
   FUND; and its JOINT BOARD OF TRUSTEES;
16 MIKE SHIPLEY and CHRIS GREANY, Trustees;
17 WESTERN STATES INSULATORS AND
   ALLIED WORKERS' PENSION PLAN; and its
18 JOINT BOARD OF TRUSTEES; RICK JOHNSON
   and ERIC FULTS, Trustees;
19
20 WESTERN STATES INSULATORS AND
   ALLIED WORKERS' INDIVIDUAL ACCOUNT
21 PLAN; and its JOINT BOARD OF TRUSTEES;
   RICK JOHNSON and ERIC FULTS, Trustees;
22
23 WESTERN STATES INSULATORS AND
   ALLIED WORKERS' HEALTH PLAN; and its
24 JOINT BOARD OF TRUSTEES; RICK JOHNSON
   and ERIC FULTS, Trustees;
25
26              Plaintiffs,
27        v.
28 TRI-COUNTY INSULATION COMPANY, INC.,
   a California corporation,

                              1
**COMPLAINT**
**Case No.**

Defendant.

Parties

1.    The Heat and Frost Insulators of Northern California Local Union No. 16 Health and Welfare Trust Fund ("Health and Welfare Fund"); Heat and Frost Insulators of Northern California Local Union No. 16 Joint Apprenticeship Training Trust Fund ("Apprenticeship Fund"); Western States and Allied Workers' Pension Plan ("Pension Plan"); Western States and Allied Workers' Individual Account Plan ("IAP"); and Western States and Allied Workers' Health Plan ("Health Plan") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Board of Trustees ("Trustees") of said Funds are the named fiduciaries of the Funds under ERISA § 302(a), 29 U.S.C. § 1002(a). Mel Brashears and Craig Rossi are Trustees, and fiduciaries, of the Health and Welfare Fund. Mike Shipley and Chris Greaney are Trustees, and fiduciaries, of the Apprenticeship Fund. Rick Johnson and Eric Fults are Trustees, and fiduciaries, of the Pension Plan, IAP, and Health Plan.  The Health and Welfare Fund, Apprenticeship Fund, Pension Plan, IAP, and Health Plan, and their respective Trustees and fiduciaries are collectively referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.    Tri-County Insulation Company, Inc., a California corporation, ("Defendant"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

3.    Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.    Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of valid Bargaining Agreements.

5.    To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

**COMPLAINT**
**Case No.**
P:\CLIENTS\INSCL\Cases\Tri-County Insulation Company\Pleadings\Tri County Complaint.docx

arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

6.      Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Pleasanton, California. Thus, jurisdiction and venue are properly grounded with this Court.

7.      Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

8.      The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

9.      Defendant entered into the Master Labor Agreement between the International Association of Heat and Frost Insulators Local No. 5 and the Western Insulators Contractors Association Southern California Chapter ("Local 5 Bargaining Agreement"). The current Local 5 Bargaining Agreement is effective July 3, 2017 through July 5, 2020.[1] The Local 5 Bargaining Agreement covers work by employees within the territorial jurisdiction of Local 5, which is  outside of the territorial

---

[1] Defendant signed the previous Local 5 Bargaining Agreement, effective June 27, 2011 through June 29, 2014, on February 14, 2012. However, the Local 5 Bargaining Agreement contains an evergreen clause in Article XXII, Section 2, which states:
> Unless a signatory Employer sends written notice by registered mail to the Union and the Association not less than one hundred twenty days, nor more than one hundred fifty days, before the expiration date of this, or any subsequent agreement, that such Employer signifies its intent not to be bound by any successor or extended agreement, each such signatory Employer will be bound by any successor or extended agreement entered into between this Association and the Union.

3

**COMPLAINT**
**Case No.**

jurisdiction of Heat and Frost Insulators Local No. 16 ("Local 16" or the "Union"); however, Article I of the Local 5 Bargaining Agreement states: "The Employer agrees that on all operations outside of the charted territory of Local 5 he will abide by the … rules … established by a collective bargaining agreement between the local insulation contractors and the local union [i.e., Local 16] in that jurisdiction." Accordingly, for the work that its employees performed within the territorial jurisdiction of Local 16, Defendants are subject to the terms of the Master Labor Agreement between the Union and the Western Insulators Contractors Association Northern California Chapter, Inc. ("Local 16 Bargaining Agreement"), requiring employer contributions to Plaintiffs' ERISA Funds, to Local 16 for union dues, and to the other plans more fully described in the Local 16 Bargaining Agreement. Plaintiffs are third party beneficiaries of the Bargaining Agreements.

10. Under the terms of the Bargaining Agreements, Plaintiffs' Trustees are authorized to collect monies due by Defendant to the following plans: the Heat and Frost Insulators of Northern California Local Union No. 16 Industry Preservation Trust Fund ("Preservation Fund"); Occupational Health and Research Fund; and Industry Promotion Fund (collectively referred to herein as the "Bargained Plans"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plans as well as dues due to the Union under the Bargaining Agreement and Trust Agreements.

11. Under the Bargaining Agreements and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Local 16 Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the tenth (10th) day of the month following the month hours were worked, and considered delinquent if not received by the twentieth (20th) day of that month. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rate of seven percent (7%) per annum from the day contributions become delinquent to the date payment is made.

**COMPLAINT**
**Case No.**

12.     The Bargaining Agreement further require Defendant to maintain time records or time cards, and to submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

<u>Factual Allegations</u>

13.     On or about May 12, 2019 and April 25, 2019, Plaintiffs' auditor, Lindquist CPA, sent written requests to Defendant to schedule an audit and provide records for examination pursuant to the terms of the Local 16 Bargaining Agreement and the governing documents of the ERISA Plaintiffs for the period of September 1, 2015 through March 31, 2018.

14.     On or about July 12, 2019 and October 2, 2019, Plaintiffs' counsel sent written demands to Defendant regarding Defendant's failure to respond to the request to schedule and audit and provide records for examination.

15.     Defendant has refused to permit an authorized representative of the Plaintiffs to examine all of Defendant's records as necessary to determine whether Defendant has made full payment of all sums owed to the Plaintiffs for the period of September 1, 2015 through March 31, 2018.

16.     Defendant has further failed and refused to pay the full contribution for hours worked by its employees during the month of August 2019.

17.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

18.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, above.

19.     Defendant has a contractual duty to timely report and pay the required contributions to

5

Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

20.     In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21.     By failing to permit the audit of all of its records and make the required payments to Plaintiffs, Defendant breached the Bargaining and Trust Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

22.     Defendant's failure and refusal to permit the audit and pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

23.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

24.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

25.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

//

**COMPLAINT**
**Case No.**

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.    For an order,

(a)    Requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

(b)    Enjoining Defendant from violating the terms of those documents and of ERISA; and

(c)    Enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

2.    For a judgment against Defendant as follows:

(a)    Any underpaid and unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.    To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

ii.    To the Union in accordance with the Bargaining Agreement.

(b)    Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)    Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

3.    Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all

**COMPLAINT**
**Case No.**

1    Plaintiffs.

2          4.      That the Court retain jurisdiction of this case pending compliance with its orders.

3          5.      For such other and further relief as the Court may deem just and proper.

4

5    DATED: February 6, 2020                    SALTZMAN & JOHNSON LAW CORPORATION

6
                                        By:                    /S/
7
                                              _____
8                                             Ana P. Hallmon
                                              Attorneys for Plaintiffs, Heat and Frost Insulators of
9                                             Northern California, Local 16 Trust Funds, et al.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**
**Case No.**