UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEAT AND FROST INSULATORS OF NORTHERN CALIFORNIA LOCAL UNION NO. 16 HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRI-COUNTY INSULATION COMPANY, INC,<br><br>Defendant. | Case No. 20-cv-00913-JSC<br><br>**ORDER TO SHOW CAUSE RE: MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 24 |

Now pending before the Court is Plaintiffs' motion for a default judgment. (Dkt. No. 24.) Plaintiffs' requested relief is attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D). (Dkt. No. 24 at 10.)[1] The Ninth Circuit has held that an award under § 1132(g)(2) is "mandatory and not discretionary" where: (1) the employer is "delinquent at the time the action is filed; (2) the district court . . . enter[s] a judgment against the employer; and (3) the plan . . . provide[s] for such an award." *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (internal quotation marks and citations omitted). Plaintiffs have not established that the first and third requirements are met.

First, Defendant was not delinquent in their contributions to Plaintiff when this action was filed. (Dkt. No. 27, Hallmon Decl. ¶¶ 9–11.) The eventual completion of the mandatory payroll audit confirmed this lack of delinquency. (*Id.*) Plaintiffs have not cited any authority that Defendant's delayed compliance with the mandatory payroll audit makes them delinquent under 29 U.S.C. § 1132(g)(2).

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Second, while Plaintiffs assert in their motion that the Agreement provides for an award of fees and costs (Dkt. No. 24 at 2), they do not cite evidence or complaint allegations to support this attorney argument.  The declaration of Sandra Snyder, the authority upon which Plaintiffs rely for this assertion, cites Exhibit D, Article IX, Sec. 122 and Exhibit E, Article II, Sec. 4 to support her claim that "[t]he Bargaining Agreement . . . provides for reimbursement of attorneys' fees and any other expenses, including costs and audit fees, incurred in connection with the collection of delinquent contributions."  (Dkt. No. 26 at ¶ 11.)  However, there is no reference to attorneys' fees or costs in Exhibit D.  (Dkt. No. 26-4, Exhibit D.)  Plaintiffs did not supply an Exhibit E in support of Ms. Snyder's declaration.  The Court is thus not persuaded that Plaintiffs are eligible for a mandatory award of attorneys' fees and costs under 29 U.S.C. 1132(g)(2).

The Court also notes that while there is no longer any need for a judgment ordering Defendant to comply with the mandatory audit requirement, fees under section 1132(g)(2) may still be awarded.  *See Nw. Adm'rs, Inc*, 104 F.3d at 258 ("mandatory fees are available under § 1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves.'")

Accordingly, Plaintiffs are ordered to show cause that they are entitled to a default judgment award of fees and costs pursuant to 29 U.S.C. § 1132(g)(2) or otherwise.  Plaintiffs shall respond to this Order on or before March 19, 2021.

**IT IS SO ORDERED.**

Dated: March 11, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge